The court will proceed to the fifth case, United States v. Haney. Good morning. May it please the court, Mr. Baum. My name is Colleen Rame and I am here on behalf of defendant appellant Charles Haney. Mr. Haney's case requires remand because he was improperly sentenced as an armed career criminal. Specifically, the district court committed reversible error when it sentenced Mr. Haney to 15 years in prison on the basis of an Illinois burglary conviction, a Pennsylvania aggravated assault conviction, and an armed bank robbery conviction. We have a couple of threshold issues in this case. First, as the government has now conceded, Mr. Haney's burglary convictions do not qualify as generic burglary under the Armed Career Criminal Act. In Taylor v. United States, the Illinois Supreme Court laid out the elements of generic burglary as, first, an unlawful or unprivileged entry into or remaining within, second, a building or a structure, and third, with the intent to commit a crime. Illinois burglary law is too broad to constitute generic burglary on two of these three elements. First, under DeKalb, it does not require proof of an unlawful or unprivileged entry, and second, under Mathis, it criminalizes the burglarization of places other than buildings or structures. The locational element is, therefore, too broad and not divisible. The second threshold issue was raised by the government as to whether Mr. Haney's aggravated assault convictions are, first, properly considered violent felonies, and second, even if they are, whether they are adequate to sustain Mr. Haney's sentence. They are not. They are not for two reasons. First, they are not properly considered violent felonies, as there is no element of the use of force, and second, Mr. Haney's, even if they were, there is no evidence in the record that they were committed on occasions different from one another. I'm going to begin with that argument, this different occasions issue, because this is a new issue that was not raised below, and it bears some consideration. The government has urged the court to affirm on this separate basis, and while arguably this argument is waived, even if not, it fails on the record. It was the government's burden to prove that the armed career criminal predicate offenses were committed on different occasions. The burden will be met when it can show, through Shepard documents, that the offenses belong to separate and distinct episodes, such that the defendant had a meaningful opportunity after each offense to contemplate his actions and abandon his course of criminal conduct. There are several problems with making such a finding based on the record on appeal. First, there is no evidence that such an opportunity existed. All we know about the offenses through the Shepard documents in the record is that they were committed on the same day against three different victims. The government argues, makes several arguments predicated on assertions in the PSR about the nature of these offenses. However, reliance on these assertions would be inappropriate in this case. First, the PSR does not bear the hallmarks of derivation from Shepard-approved sources. In this case, we're dealing with three convictions from one trial. The cases went to a jury trial. There was no plea colloquy to reference in terms of a factual basis, and there's no indication that special verdicts were rendered. Second, the fact that no challenge was raised in the district court to the assertions in the PSR is not dispositive. Unlike the case cited by Mr. Baum, the issue in this case was not before the district court. So Mr. Haney had no reason to object to immaterial errors. Moreover, the unfairness of relying on facts from other proceedings that the defendant had no reason to contest at the time is a primary reason that courts apply the categorical approach in the first place. In Mathis, the Supreme Court specifically mentioned this reason, saying that a defendant may have no incentive to contest what does not matter under the law. To the contrary, he may have good reason not to. The reasoning behind this should apply equally in this case. There was no incentive for Mr. Haney to contest the arguments or any potential errors with respect to the PSR's characterization of the three convictions because it wasn't an issue. However, even if this court were to look at the facts in the PSR, it cannot conclude that the offenses were committed on occasions different from one another. The PSR alleges that Mr. Haney was convicted of injuring three people with gunshot wounds to the abdomen on a single day in a single bar. It is unknown how many shots were fired. It's at least conceivable that in a crowded, potentially a crowded bar, shooting a gun one time could injure more than one person. And even if we assume for purposes of argument that he fired three shots, it's inappropriate to draw from that conclusion that it was three separate occasions. For example, if we take the example of a bar fight and there was, you know, with multiple aggressors, something got out of hand, and if he had shot more than, you know, three shots but he fired the shots, bam, bam, bam, we're looking at a situation where it would be a significant stretch to argue that he had a meaningful opportunity to stop and consider whether or not to pull the trigger a second or a third time. If you have multiple people coming at you at once, this is not comparable to the case law, for example, where someone commits three burglaries back to back but has to travel, you know, five minutes in between or something similar to that. Affirming on this basis would pose the additional problem of affirming on a basis of aggravated assault convictions which do not qualify as violent felonies. The Pennsylvania aggravated assault statute does not include as an element the use of force, the use of physical force as defined under the Armistice Criminal Act. First, causation of bodily injury is not the same as use of force, and Pennsylvania courts have explicitly held that absolutely no showing of force is required to convict a defendant under this statute. Secondly, even if force can be implied from bodily injury, the mens rea element of the statute is too broad to qualify as a violent felony. As this court has held under the material indistinguishable case law in Section 16 of the Criminal Code, the reckless crimes are not crimes of violence because they do not include this use of force. And since here we have a possibility of conviction under reckless mens rea, it would be inappropriate to affirm on the basis of three questionable convictions. Unless the court has any questions, I will reserve the rest of my time. Thank you. Mr. Brown? Thank you, Your Honor. May it please the court, counsel. Congress has imposed a 15-year mandatory minimum penalty for people it's labeled armed career criminals. Those are people who have at least three violent felonies or controlled substance offenses. Putting aside Mr. Haney's burglaries, which we do, he still has four. An armed robbery and shot not one, not two, but three people. Mr. Haney is precisely the type of person that Congress sought to impose this mandatory penalty upon, and the district court properly imposed it. Beginning with the aggravated assault convictions, this court's jurisprudence on that is that they have to be sequential crimes and not simultaneous crimes, and has used the analogy of a card game where the thief does a single stick-up, pulls a gun on six card players. That's a simultaneous stick-up of those six individuals. But if the thief then pulls the trigger and shoots three of the people, those are sequential crimes, not simultaneous crimes. The facts in the PSR that are undisputed, we believe, are appropriate for this court to consider, and we believe they're in line with Shepard. The problem in the Shepard line of cases is judicial fact-finding, but admissions, such as at a plea colloquy, aren't disputed. Neither are the facts in this case with regard to these aggravated assaults that he shot three people in a bar in Pennsylvania. So we believe that it's an admission by the defendant in line with or similar to an admission at a plea colloquy. Even if you put aside the PSR facts, we still believe there's sufficient grounds to affirm the ACC sentence in this case. We would know that there were three aggravated assaults. We would know that there were three different victims. And we would know, importantly, that there were three sequential sentences imposed for those crimes. And the sequential sentences supports the conclusion that these are sequential crimes, especially under Pennsylvania law, which required separate criminal acts to receive separate sentences. We don't think that it is conceivable that a single bullet went through the abdomen of three victims and the wrist of the third victim. We don't think that is a conceivable notion, and we also don't think there's any support for the claim that this is somehow a self-defense, that there was simply a bar fight and the defendant was defending himself. We think the aggravated assaults happened on separate and distinct occasions because he had the opportunity to stop pulling the trigger after he shot the first victim. With respect to the use of force, we believe this court's case in Waters is determinative on that, where it held that withholding medicine causes physical harm, albeit indirectly, and thus qualifies as the use of force. The Thomas case that defense cites is not withholding medicine. It was withholding food, and the child in that case was starved essentially to death, and the Pennsylvania court upheld an aggravated assault conviction. Withholding medicine qualifies as the use of force. We believe withholding food likewise does. And then finally, with respect to the mens rea, we think the Supreme Court's case in Voisin is extremely pertinent here, and we also think it's important to focus on what is the recklessness Pennsylvania law requires. It's, in their words, not mere recklessness, but a recklessness such that the life-threatening injury is almost essential to occur. That's a sufficient mens rea, we believe, to support the notion that this was a violent felony. Unless there are any further questions from the court, we would rely on our brief. Thank you. Thank you, Mr. Bell. Grace? Thank you, Your Honors. Just one or two additional points. The council has raised this idea that Pennsylvania's jurisprudence on what constitutes a single criminal act should be determinative as to whether or not, under federal law, these convictions were actually committed on separate occasions. I would submit to you that Pennsylvania's determination of what constitutes a single criminal act has no relevance to the determination at issue here. In Pennsylvania, the authority supplemented by counsel yesterday, the Pennsylvania case says that the question there is whether the state would have to prove additional facts to convict someone on each separate offense. There's absolutely no question of whether or not acts were committed in a simultaneous fashion or a sequential fashion, or whether or not the defendant had an opportunity to desist. For example, under that law, simultaneous burglaries committed by co-defendants, co-conspirators, would presumably be separate criminal acts. Different things would have to be proven to show liability for each defendant on each of those simultaneous burglaries. However, under case law, Seventh Circuit case law and federal case law, such an act would be a simultaneous act, and that would not be separate occasions. What would be a simultaneous burglary? Well, the hypothetical, and I believe it's referenced in Kirkland, is that if co-conspirators decided to rob two stores or hold up two banks or something at the same time, for whatever reason, but the idea is that while one defendant is committing one of the burglaries, they have no opportunity to call off the burglary for the other defendant. Now, clearly that is not the case here, but the idea is that the Pennsylvania case law is not applicable in this court, and it ultimately does not tell you very much about what actually happened. I do not know the facts of what happened in these aggravated assaults, but that's the point. We don't know. We don't have a record, and therefore, at the very least, this should be sent back for further determination by the district court, and it's not appropriate for a decision on appeal. Thank you very much. So you think you could go back, the judge could make findings with regard to it? Presumably, yes. If the government was able to supplement the record with appropriate sources. All right. Okay, thank you. Thanks to both counsel. Case is taken under advisement.